■ NORMA SCHWAM, Respondent, v. BERNARD SCHWAM, Appellant.— In an action for a judgment declaring plaintiff to be the lawful wife of the defendant and granting her a judicial separation, defendant appeals from so much of an order of the Supreme Court, Westchester County, dated October 18, 1960, as directs him to pay to plaintiff, by way of an interim allowance, the sum of $400 a week "on account of any alimony to be awarded" by the trial court; and as directs him to pay the sum of $3,500 "on account of counsel fees to be awarded" by the trial court; the plaintiff's application for alimony *pendente lite* and for counsel fees having been referred by said order to the Trial Justice. Order modified by reducing the amount directed to be paid on account of counsel fees from $3,500 to $1,500 (such reduced amount already having been paid pursuant to an order of this court dated November 14, 1960). As so modified, order, insofar as appealed from, affirmed, without costs. In our opinion, the amount awarded as an interim counsel fee was excessive under the circumstances disclosed by the record, and in view of the reference of the motion and the question of counsel fees to the trial court for determination. Our affirmance of the order, as modified, is not to be taken as an indication that the order appealed from, insofar as it makes interim awards of temporary alimony and counsel fee on account of the awards thereafter to be made by the trial court, requires that any additional allowances for temporary alimony and for counsel fees shall be or must be made by the trial court. The determination by the Trial Justice as to the amount of alimony and counsel fee should be made by him in the exercise of a sound judicial discretion, upon the basis of all the evidence adduced at the trial; and the interim awards theretofore made should have no effect upon that determination. Nolan, P. J., Beldock, Ughetta, Kleinfeld and Pette, JJ., concur.

■ JOSEPHINE SHERIDAN, as Administratrix of the Estate of JOSEPHINE T. SHERIDAN, Deceased, Respondent, v. EDWARD B. SCHLESINGER, Appellant.— In an action by a patient, Josephine T. Sheridan, against her physician, to recover damages for breach of contract to effect, by surgery, a permanent cure of spinal pains, defendant appeals from an order of the Supreme Court, Kings County, dated September 30, 1959, which denied his motion: (1) to amend his answer by pleading the Statute of Frauds, and (2) for "judgment on the pleadings" pursuant to rule 107 (subd. 7) of the Rules of Civil Practice; or, in the alternative, (3) to "modify the complaint" by reducing the damages claimed from $125,000 to $9,029.63. It appears that the patient died on August 24, 1960, while the motion was pending. On January 16, 1961, during the pendency of the appeal, this court made an order, pursuant to stipulation, substituting the patient's administratrix as plaintiff-respondent in the action. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.

■ WOLF STAHL, Suing Individually and as a Stockholder of Stahl Soap Corporation, on Behalf of Himself and in the Right of STAHL SOAP CORPORATION, Respondent, v. ILBERT STAHL et al., Appellants.— In an action by the owner of one half of the corporate defendant's capital stock, for an accounting, a permanent injunction, specific performance of a stockholders' agreement, and other relief, the defendants appeal from an interlocutory judgment of the Supreme Court, Kings County, dated July 27, 1960, and entered August 2, 1960, in favor of the plaintiff, after a nonjury trial before a Special Referee to whom the issues were referred, upon a stipulation of the parties, to hear and determine. Interlocutory judgment affirmed, with costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Pette and Brennan, JJ., concur.